IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:21CR3060 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MOTION TO SUPPRESS** |
| | ) | **STATEMENTS AND EVIDENCE** |
| DAVID W. SWANSON, | ) | **and REQUEST FOR HEARING** |
| | ) | |
| Defendant. | ) | |

COMES NOW, Defendant David W. Swanson, by counsel, and moves the Court for an order granting him a hearing and thereafter an order suppressing the following as evidence at the trial in this case:

1. All statements made by Defendant to law enforcement on July 7, 2020 and thereafter.

2. All evidence obtained by law enforcement during the July 7, 2020 search of the 2016 Black GMC Sierra (Sierra) being driven by Defendant on that date.

3. All evidence obtained from Defendant's person, or any other location where he had an expectation of privacy, from and after July 7, 2020.

4. In support of his motion, Defendant states:

   A. There was no probable cause for the search of the Sierra, sealed containers found in the Sierra, the Defendant, or any other place where Defendant had a reasonable expectation of privacy on July 7, 2020.

   B. There was no probable cause for the seizure of any evidence from the Sierra, from sealed containers found in the Sierra, from Defendant, or from any other place where Defendant had a reasonable expectation of privacy on July 7, 2020.

  C. Said Evidence was taken from the Sierra, from sealed containers found in the Sierra, from Defendant, or from any other place where Defendant had a reasonable expectation of privacy, without any valid or legal consent to search the premises.

  D. The search(es) went beyond the scope and purpose of any consent to search.

  E. Said search for and seizure of said items of evidence violated Defendant's rights under the applicable provisions of the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution.

  F. The search and seizure was not incident to a lawful arrest.

  G. Said search and seizure was not conducted pursuant to a lawfully issued warrant from any court or magistrate.

  H. There was no valid basis for an inventory search of the vehicle, and any inventory search conducted exceeded the scope of the inventory search provided for by the applicable standardized policy of the Lincoln Police Department.

  I. Statements by the Defendant were not voluntary and were obtained in violation of his rights to be free from self-incrimination and to due process under the Vth and XIVth Amendments to the United States Constitution, and in violation of his VIth Amendment right to counsel.

  J. All of said statements and evidence obtained by law enforcement should also be suppressed as fruit of the poisonous tree.

5. Defendant is filing a brief in support of this motion on this date.

6. Defendant anticipates that two (2) hours will be needed for the hearing on this motion.

7.  Defendant does not need the assistance of an interpreter for the hearing.

WHEREFORE, Defendant respectfully requests a hearing on his motion, and that the statements and evidence referenced above be suppressed as evidence at trial.

Dated: February 22, 2022.

DAVID W. SWANSON, Defendant,

By: */s/ Joshua D. Barber*
Joshua D. Barber     #22624
Barber & Barber, P.C., L.L.O.
300 North 44th Street, Suite 205
Lincoln, NE  68503
Phone: (402) 434-5429
Fax: (402) 434-5430
joshuabarber@yahoo.com
Defendant's Attorney

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing and any attachments thereto were electronically filed with the Clerk of the Court via the CM/ECF system, which sent notification of said filing to all attorneys of record in the above-captioned matter, including Sara Fullerton, at sara.fullerton@usdoj.gov, on February 22, 2022.

*/s/ Joshua D. Barber*